IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50987
Summary Calendar
_____

JOHN MORGAN WILSON,
also known as Yahya Al-Tariq,

                                        Plaintiff-Appellant,

versus

TEXAS BOARD OF CRIMINAL JUSTICE; WAYNE SCOTT, Executive
Director of Texas Department of Criminal Justice Institutional
Division; GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; KENNETH GREEN, JR., Assistant
Warden, A. D. Hughes Unit, also known as FNU Green; CHARLES LEE
BELL, A. D. Hughes Unit, also known as Bell, Assistant Warden;
STEPHEN BURKETT, A. D. Hughes Unit, also known as Berkett,
Captain; GRACE KENNEDY, Unit Grievance Investigator, A. D. Hughes
Unit, also known as FNU Kennedy; BRIAN WARREN, Correctional
Officer III, A. D. Hughes Unit, also known as FNU Warren; KENNETH
HALL, Correctional Officer III, A. D. Hughes Unit; KAREN WILEY,
Mail Room Officer, A. D. Hughes Unit, also known as K. Wiley;
DEBRA BROCK, Mail Room Officer, A. D. Hughes Unit, also known as
D. Brock; JUAN HARMON, Gang Investigating Officer, A. D. Hughes
Unit, also known as FNU Harmon; STACY STOVALL, Administrative
Technician, A. D. Hughes Unit, also known as FNU Stovall; ANTHONY
PATRICK, 2nd Shift, A. D. Hughes Unit, also known as Patrick,
Sergeant; MICHAEL A. GLIMP, 2nd Shift, A. D. Hughes Unit, also
known as Unidentified Glimp, Lieutenant; ROBERT REDMOND,
Correctional Officer III, A. D. Hughes Unit, also known as
Redman,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-109
--------------------
March 21, 2002

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

John Morgan Wilson, a/k/a Yahya Al-Tariq, a Texas prisoner (# 259316), has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal following the district court's order granting the defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint. By moving for IFP status, Wilson is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

By failing to argue in the brief in support of his IFP application most of the substantive claims that were set forth in his civil rights complaint, Wilson has abandoned those claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). He has preserved only two of those claims in his brief.

Wilson argues that prison officials violated his First Amendment rights by prohibiting him from corresponding with members of the Black Muslims or Muhammad's Fruit of Islam. Wilson acknowledges that the Texas Department of Criminal Justice ("TDCJ") does not recognize these groups as legitimate prison organizations. Prison officials are authorized to limit correspondence between prisoners when such limitations are "logically connected to . . . legitimate penological objectives." See Turner v. Safley, 482 U.S. 78, 91 (1987). Wilson has not demonstrated that the prohibitions at issue were not justified by "legitimate penological interests."

---

R. 47.5.4.

Wilson also asserts that he was falsely disciplined for getting a tattoo, even though he had entered the prison system with the tattoo. A challenge to the procedures used in a prison disciplinary proceedings is not cognizable under 42 U.S.C. § 1983 unless the result of such proceeding has been overturned or otherwise invalidated. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Wilson has failed to show that his appeal of the district court's dismissal of his complaint is taken in good faith. Accordingly, Wilson's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.